IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY. *3135 Easton Turnpike Fairfield, CT 06431-0002* **Plaintiff,** | ) ) ) ) CIVIL ACTION NO. ) ) |
| v. | ) ) |
| ROLLS-ROYCE, PLC AND *– 65 Buckingham Gate, London SW1E 6AT UK* CHROMALLOY UNITED KINGDOM LTD *Linkmel Road 1 Eastwood Nottinghamshire NG16 3RZ UK* **Defendants.** | ) ) ) ) ) ) ) ) |

## COMPLAINT

1.  Plaintiff General Electric Company ("GE" or "Plaintiff") for its Complaint against Defendants Rolls-Royce, P.L.C. ("Roll-Royce") and Chromalloy United Kingdom Ltd. ("Chromalloy (collectively "Defendants"), states as follows:

### THE PARTIES

2.  Plaintiff GE is a corporation organized and existing under the laws of the State of New York, and maintains its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06431-0002.

3.  On information and belief, Defendant Rolls-Royce is a corporation organized and existing under the laws of the United Kingdom, and maintains its principal place of business at 65 Buckingham Gate, London SW1E 6AT, United Kingdom.

4.  On information and belief, Defendant Chromalloy is a corporation organized and existing under the laws of the United Kingdom, and maintains its principal

place of business at Linkmel Road 1, Eastwood Nottinghamshire NG16 3RZ, United Kingdom.

## THE NATURE OF THE ACTION

5. This is an action to remedy decisions of the Board of Patent Appeals and Interferences ("the Board") of the United States Patent and Trademark Office, as provided for by 35 U.S.C. §146. Interference No. 104,817 (the "'817 Interference"), entitled Nagaraj et al. v. Rickerby et al., is relevant to this action.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 35 U.S.C. §146 and 28 U.S.C. §§ 1331, 1338(a). Venue is proper in this judicial district under 28 U.S.C. §1391(b), (c) and (d).

## FACTS GIVING RISE TO COMPLAINT

7. Plaintiff GE and defendants Rolls-Royce and Chromalloy have an interest, as described below, in the '817 Interference.

8. Bangalore A. Nagaraj, William B. Connor, Richard W. Jendrix, David J. Wortman, and Larry W. Plemmons (collectively "Nagaraj"), the junior party in the '817 Interference, are the first and joint inventors of the subject matter disclosed and claimed in United States Patent No. 5,427,866, entitled "Platinum, Rhodium, or Palladium Protective Coatings in Thermal Barrier Coating Systems," issued June 27, 1995 (the "Nagaraj '866 Patent"). The application for the Nagaraj '866 Patent was filed on March 28, 1994 as U.S. Patent Application Serial No. 08/218,167.

9. Nagaraj have assigned all rights in the Nagaraj '866 Patent to GE. GE is the legal owner of the Nagaraj '866 Patent and the entire right, title and interest in and to the invention disclosed and claimed in the Nagaraj '866 Patent.

10. David S. Rickerby, Daniel K. White, and Stanley R. Bell (collectively "Rickerby") claim to be the joint inventors of the subject matter disclosed and claimed in U.S. Patent Application Serial No. 08/608,502, filed February 28, 1996 (the Rickerby '502 Application").

11. On information and belief, Rickerby have assigned their rights in the Rickerby '502 Application to Rolls-Royce and Chromalloy, and Rolls-Royce and Chromalloy are currently the co-assignees of the Rickerby '502 Application.

12. The United States Patent and Trademark Office (also referred to as "Patent and Trademark Office") declared an interference under 35 U.S.C. §135(a) between the Nagaraj '866 Patent and the Rickerby '502 Application on or about March 7, 2002. This interference was designated in the Patent and Trademark Office as Patent Interference No. 104,817 (the "'817 Interference," as previously defined). The '817 Interference contains a single count, Count 1.

13. During the interference, Nagaraj filed a Preliminary Motion No. 1 Under 37 C.F.R. §1.633(b) asserting no interference-in-fact. On or about July 24, 2002, the Board erroneously ruled against Nagaraj on this Preliminary Motion No. 1.

14. On August 23, 2002, the Board reaffirmed its erroneous ruling against Nagaraj's Preliminary Motion No. 1 in response to Nagaraj Request for Reconsideration Pursuant to 37 C.F.R. § 1.640(c) of its Preliminary Motion 1.

15. On March 2, 2004, the Board rendered its decision in the '817 Interference, erroneously denying Nagaraj's Preliminary Motion No. 2 under 37 C.F.R. §1.633(g) attacking the benefit of Rickerby's earlier filed application.

16. On March 2, 2004, the Board rendered its decision in the '817 Interference, erroneously not addressing Nagaraj's Preliminary Motion No. 3 under 37 C.F.R. §1.633(a) asserting that claims 16 and 18-20 of the '502 Application are unpatentable under 35 U.S.C. § 102 and/or § 103.

17. On March 2, 2004, the Board rendered its decision in the '817 Interference, erroneously failing to consider Nagaraj's Miscellaneous Motions No. 1 and 2 under §54 of the Standing Order to suppress evidence during preliminary motion phase.

18. On March 2, 2004, the Board rendered its decision on the '817 Interference, erroneously granting that portion of Rickerby's Preliminary Motion No. 1 for judgment under 37 C.F.R. § 1.633(a) asserting that claims 1, 2 and 4 through 9 of the Nagaraj '866 Patent are unpatentable under 35 U.S.C. §102 and/or §103.

19. On March 2, 2004, the Board rendered its decision in the '817 Interference, erroneously granting that portion of Rickerby's Preliminary Motion No. 2 asserting that claims 2, 5, 6, 8 and 9 of the Nagaraj '866 Patent correspond to the count.

20. Each of Nagaraj and Rickerby timely filed a Request for Reconsideration of the Board's decision of March 2, 2004.

21. Nagaraj timely filed an Opposition to Rickerby's Request for Reconsideration and Rickerby filed an Opposition to Nagaraj's Request for Reconsideration.

22. On June 25, 2004, the Board affirmed its decision of March 2, 2004 regarding Nagaraj's Preliminary Motions Nos. 2 and 3 and Miscellaneous Motions Nos. 1 and 2, and Rickerby's Preliminary Motions Nos. 1 and 2. The Board also pointed out that

the Nagaraj Preliminary Motion 1 (no interference in fact) had been decided by a three judge panel, and that decision governed further proceedings in the interference.

23. GE, the assignee of the Nagaraj '866 Patent, is dissatisfied with the Board's final ruling of August 23, 2002, reaffirming its July 24, 2002 denial of Nagaraj's Preliminary Motion No. 1 asserting no interference-in-fact.

24. GE, the assignee of the Nagaraj '866 Patent, is dissatisfied with those portions of the Board's decisions of March 2, 2004 and June 25, 2004 regarding the '817 Interference which were adverse to Nagaraj.

25. On information and belief, as of the date of this Complaint, no party to the '817 Interference has appealed the Board's decision to the United States Court of Appeals for the Federal Circuit.

26. GE has commenced this action within sixty days of the Board's decision of June 25, 2004 rendering a final decision in the '817 Interference after consideration of each of Nagaraj's and Rickerby's Motions for Reconsideration of the Board's March 2, 2004 decision.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GE prays for a judgment:

A. Reversing the Board's judgments of June 24, 2002 and August 23, 2002 with regard to Nagaraj's Preliminary Motion No. 1 for no interference in fact as contrary to established law;

B.   Reversing those portions of the Board's judgments of March 2, 2004 and June 25, 2004 with regard to the '817 Interference that were adverse to Nagaraj *et al.* as contrary to established law;

C.   Entering judgment for GE and against Rolls-Royce and Chromalloy in the '817 Interference;

D.   Awarding GE its costs and attorney fees in this action, pursuant to 35 U.S.C. §285 and/or any other appropriate provision of law; and

E.   Awarding GE such other and further relief as this Court may deem just and proper.

Dated: August 2⅟, 2004

/s/ Robert M. Schulman
Robert M. Schulman, Esq.
(D.C. Bar No. 31,196)
Thomas J. Scott, Jr.
(D.C. Bar No. . 27,836)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Plaintiff
General Electric _____